WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catalino Solano-Rosas, | No. CV-12-00297-TUC-CKJ |
| Petitioner, | No. CR-11-04187-TUC-CKJ |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Pending before the Court is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. §2255). (Doc. 13.)  The government filed a Response on January 6, 2014. (Doc. 16.) The government filed an addendum to its Response on January 15, 2014, which included an affidavit from Petitioner's prior defense counsel, Ronald Reyna. (Doc. 17.) Petitioner has not filed a reply.

*Background*

On December 21, 2011, Petitioner was indicted for illegal re-entry after deportation in violation of 8 U.S.C. §1326, enhanced by 8 U.S.C. §1326(b)(2). (11-CR-4187, Doc. 5.) On January 27, 2012, Petitioner entered into a plea agreement with the government. (CR-11-4187, Doc. 15.) Pursuant to the plea agreement, Petitioner waived any right to appeal the Court's entry of judgment, any right to appeal the imposition of sentence upon defendant under 18 U.S.C. §3742, any right to collaterally attack his conviction and sentence under 28 U.S.C. §2255 or any other collateral attack, and any

right to file a motion for modification of sentence, including under 18 U.S.C. §3582(c). *Id*. at 4.

At the change of plea hearing, Petitioner's defense attorney indicated that Petitioner's base offense level was 8, which carries a range of 0 to 71 months incarceration depending on the defendant's criminal history. (11-CR-4187, Doc. 31 at 2.) Petitioner's defense counsel acknowledged that Petitioner anticipated a sixteen-level enhancement based on a prior drug trafficking conviction in New York. *Id*. at 3. However, Petitioner was entitled to a three-level reduction based on his acceptance of responsibility, and a two-level reduction for providing a "fast track" plea. *Id*. Petitioner's defense counsel explained that based on Petitioner's total offense level and an anticipated criminal history category of IV, the anticipated total range of imprisonment is 46 to 57 months. *Id*. at 3.

Prior to accepting Petitioner's plea, Magistrate Judge Rateau expressed concern that the record might be unclear with respect to the sentencing range anticipated by Petitioner, given the terms of the plea agreement. *Id*. at 5. As such, Petitioner's defense attorney reiterated the sentencing range, explaining that "the range in total would be 30 to 78 months. We're anticipating as high as criminal history category IV, which could potentially render 46 to 57 [months]." *Id*. at 5.

After being placed under oath, Petitioner acknowledged that he understood the terms of the plea agreement. (11-CR-4187, Doc. 31 at 5-6.) Petitioner further stated he understood he was waiving his right to appeal. *Id*. at 6. Petitioner also stated that no promises had been made to him outside of what was contained in the plea agreement. *Id*. at 7. After having his constitutional rights explained to him, Petitioner pled guilty to the charge. *Id*. at 11.

As outlined in the presentence report, Petitioner's base offense level under the sentencing guidelines for a violation of 8 U.S.C. §1326(a) is 8. Since Petitioner had previously been deported following a drug trafficking offense, sixteen levels were added

- 2 -

under U.S.S.G. §2L1.2(b)(1)(A)(i). Three levels were then subtracted since Petitioner accepted responsibility for his actions, and timely notified the government of his intention to plead guilty. Based on the level IV Criminal History Category, combined with a Total Offense Level of 21, the presentence report indicated a guideline range of 57 to 71 months incarceration. The presentence report further indicated that 1 to 3 years supervised release could be imposed.

Petitioner's sentencing occurred on April 9, 2012. (*See* 11-CR-4187, Doc. 32.) At the outset of the hearing, the Court asked Petitioner if he was satisfied with the services provided by his attorney. *Id*. at 2. Petitioner responded that he was not satisfied. *Id*. at 3. When asked to clarify, Petitioner acknowledged that his counsel advised him that the range of imprisonment would likely be 46 to 57 months based on the plea agreement, but he believed that the sentencing range was too high, and he requested a new attorney. *Id*. at 3-5.

The Court explained to Petitioner that he had agreed to the terms of the plea agreement, which stipulated a sentencing range of 46 to 57 months along with 6 to 9 months on his violation of supervised release. *Id*. at 3. The Court further explained that his attorney had negotiated a favorable sentencing range with the government, since his guideline range is 57 to 71 months in custody, and it would be up to the Court to determine the exact sentence within the stipulated range. *Id*. at 3-4. The Court asked defense counsel if he was able to effectively communicate with Petitioner throughout the proceedings. *Id*. at 5. Defense Counsel responded, "Yes." *Id*. The Court then sentenced Petitioner to 46 months incarceration, and 6 months to run concurrently on the violation of supervised release. *Id*. at 10. Finally, the Court asked Petitioner if he was aware that since he was being sentenced in accordance with the plea agreement, his right to appeal had been waived. Petitioner responded in the affirmative. *Id*. at 12.

On April 20, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. §2255). (Doc. 11.) Petitioner filed an

- 3 -

Amended Petition on October 7, 2013. (Doc. 13.) In his motion, Petitioner asserts three grounds for relief. First, Petitioner asserts his attorney did not file an appeal as per Petitioner's request. *Id*. at 5. Second, Petitioner asserts his attorney was ineffective in that he provided poor advice, which Petitioner used in deciding to plead guilty. *Id*. at 11. Third, Petitioner asserts his attorney deceived Petitioner into thinking he would only receive a 30 month sentence, and that his attorney was ineffective in placing Petitioner in the "fast track" program. *Id*. at 12.

*Waiver of Right to File 28 U.S.C. §2255 Petition*

As a preliminary matter, the Court must determine whether Petition is entitled to assert his claims in accordance with the plea agreement's waiver of appeals and collateral attacks. In this case, the plea agreement expressly provides that Petitioner waives any right to collaterally attack his conviction and sentence including an attack under 28 U.S.C. §2255. The plea agreement further states Petitioner waives any and all motions attacking the judgment and sentence provided that the sentence is consistent with the terms of the plea agreement. Finally, the plea agreement states that if Petitioner files a habeas petition, the government may withdraw from the plea agreement.

A waiver generally will be enforced if the plea agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). However, "a 'decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence[.]'" *United States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001), *reversed on other grounds*, (*quoting DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000)). Thus, "a plea agreement waiver . . . does not waive the right to bring a §2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United State v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

*Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy a two-prong test. Petitioner must demonstrate (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Petitioner was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984).

In order to meet the requirements of the test, Petitioner must first identify the acts or omissions that rendered the representation objectively unreasonable. *Id*. at 690. Next, Petitioner must show he was prejudiced by his counsel's performance. *Id*. at 693. If Petitioner fails to prove both elements, the Court may reject his claim upon finding that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id*. at 697. Petitioner must overcome a strong presumption that his lawyer rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690.

The two-part Strickland test applies not only to claims of ineffective assistance of counsel during trial, but also to claims of ineffective assistance of counsel during the plea process. *Hill v. Lockhard*, 474 U.S. 52, 57 (1985). In claims arising out of the plea process, Petitioner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the defendant would not have accepted the plea agreement. *Id*. at 58-59.

*Attorney Misrepresentation*

Petitioner's second and third grounds for habeas relief are based on Petitioner's contention that his attorney misrepresented the period of incarceration Petitioner would face if he pled guilty pursuant to the plea agreement. Specifically, Petitioner asserts that his attorney indicated Petitioner would receive a maximum sentence of 30 months incarceration.

However, the record contradicts Petitioner's allegation. At the change of plea hearing, Petitioner was asked if anyone had made any promises to him other than those contained in the plea agreement. Petitioner replied, "No." (11-CR-01487, Doc. 31 at 7.) Moreover, Magistrate Judge Rateau specifically asked Petitioner's defense counsel to repeat the sentencing range of which he had advised Petitioner. Petitioner's attorney indicated that the total range would be 30 to 78 months, and that with a Criminal History Category of IV, the anticipated range was 46 to 57 months. *Id.* at 5. Petitioner acknowledged he had discussed the sentencing guidelines with his attorney and still wished to plead guilty. Then, after being placed under oath, Petitioner indicated he understood the applicable sentencing range. *Id.* at 5-6.

Since "solemn declarations in open court carry a strong presumption of verity," *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1986), this Court relies on Petitioner's statements made at the change of plea hearing. As such, Petitioner's argument that he was denied effective assistance of counsel because his attorney advised him he would receive a lower sentence is without merit. Thus, Petitioner's second and third grounds for habeas relief are denied.

*Failure to File Appeal*

Petitioner claims he was denied effective assistance of counsel when his attorney failed to file a notice of appeal after being advised to do so by Petitioner. The Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think that either (1) . . . a rational defendant would want to appeal," or "(2) . . . this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

"[A] 'highly relevant factor' in determining whether a rational defendant would want to appeal is whether the plea was entered pursuant to a plea agreement, whether the

- 6 -

defendant had been sentenced in accord with his agreement, and whether the plea agreement waived or reserved the right to appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005); *see also United States v. Vences*, 169 F.3d 611 (9th Cir. 1999) (sentence was not illegal where it was authorized by the judgment of conviction and was not in excess of the statutory penalty).

In this case, all three elements of the above-mentioned "highly relevant factor" test are met. First, Petitioner entered into a plea agreement. Second, Petitioner was sentenced to the lowest term of imprisonment contemplated by the plea agreement. Third, the plea agreement waived Petitioner's right to appeal. Thus, under the standard articulated by the Ninth Circuit, it cannot be said that a rational defendant would want to appeal this case.

The remaining ground to find ineffective assistance of counsel regarding the failure to file an appeal is whether Petitioner expressed to his attorney a desire to appeal and his attorney refused to do so.  The Ninth Circuit Court of Appeals has explained that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client[.]" *Sandoval-Lopez*, 409 F.3d at 1197. Petitioner asserts that after he was sentenced, he instructed his attorney to file an appeal. However, in an affidavit provided to the government, Petitioner's attorney asserts that "Mr. Solano-Rosas never directed me to file a notice of appeal at any time after his sentencing." (Doc. 17-1 at 2.)

In this situation, the Court can hold an evidentiary hearing or, if the government does not object, the Court can vacate and reenter the judgment without a hearing and allow the appeal to proceed. *Sandoval-Lopez*, 409 F.3d at 1198. Alternatively, the Court can decide the petition without a hearing if credibility can be determined based on the record. *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

28 U.S.C. §2255 requires courts to hold an evidentiary hearing "[u]nless the motions and files and record of the case show that the prisoner is entitled to no relief." An evidentiary hearing is usually required if the petition states a claim based on matters

outside the record or events that took place outside the courtroom. *United States v. Burrows*, 872 F.2d 915 (9th Cir. 1989), citations omitted. The district court may deny a §2255 petition without an evidentiary hearing only if the petitioner's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *Id.*; *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

Where the allegations of a petitioner contradict statements made in court, credibility must be assessed. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). However, an evidentiary hearing is not required where the issue of credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts*, 841 F.3d at 277. Also, the court may expand the record with other documentary evidence, notes and recollections, and use of common sense. *Shah*, 878 F.2d at 1159; *United States v. Espinoza*, 866 F.2d 1067, 1070 (9th Cir. 1988).

In this case, Petitioner signed a plea agreement that expressly waives any right to appeal the Court's entry of judgment or sentence. At the change of plea hearing and the sentencing, Magistrate Judge Rateau and the Court noted that Petitioner waived his right to appeal. (11-CR-4187, Doc. 31 at 6.) Additionally, Petitioner's attorney has submitted an affidavit declaring, under penalty of perjury, that Petitioner never instructed him to file a notice of appeal. Despite all of this, Petitioner's allegation that he did instruct his attorney to file a notice of appeal states a claim for relief. Thus, given the conflict between Petitioner's allegation and his attorney's sworn statement, it is prudent for this Court to hold an evidentiary hearing on the matter. *See Sandoval-Lopez*, 409 F.3d at 1198.

*Appointment of Counsel*

The Court, having determined that an evidentiary hearing is necessary with respect to Petitioner's first ground for habeas relief, finds that it is appropriate to appoint counsel

- 8 -

to assist Petitioner. *United States v. Duarter-Higareda*, 68 F.3d 369 (9th Cir. 1995). Petitioner is advised that Jose Robles will be appointed to represent him. Mr. Robles' address is:

>Jose Robles
>P.O. Box 27301
>Tucson, AZ 85726

Accordingly, IT IS ORDERED

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (28 U.S.C. §2255) (Doc. 13) is scheduled for an evidentiary hearing on Petitioner's ineffective assistance of counsel claim regarding the alleged failure to file a notice of appeal, on **Monday, September 15, 2014 at 2:00 p.m.,** before the Honorable Cindy K. Jorgenson, Courtroom 5C, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, Arizona 85701.

2. Petitioner's claim for ineffective assistance of counsel based on his counsel's alleged misrepresentation of Petitioner's exposure to incarceration if he pled guilty pursuant to the terms of the plea agreement is DENIED.

3. Petitioner's claim for ineffective assistance of counsel based on his counsel's alleged misrepresentation of Petitioner's exposure to incarceration if he entered a "fast track" plea is DENIED.

4. Counsel for the government shall insure that Petitioner Catalino Solano-Rosas and Ronald Reyna, Petitioner's former counsel, are present at the hearing. Counsel may submit to the Court any motions/proposed orders that will facilitate Petitioner's presence at the hearing.

4. Jose Robles is appointed to represent Petitioner at the evidentiary hearing.

5. The Clerk of Court is directed to send a copy of this Order to Mr. Jose Robles.

Dated this 22nd day of July, 2014.

Cindy K. Jorgenson
United States District Judge